IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Santee J. Blair,**<br>     **Plaintiff,** | )<br>)<br>) |
| v. | )       **1:15cv1278 (GBL/JFA)** |
| | ) |
| **Pamela Smith, et al.,**<br>     **Defendants.** | )<br>)<br>) |

## MEMORANDUM OPINION & ORDER

THIS MATTER comes before the Court on defendants' Motions for Summary Judgment. This case concerns claims asserted by Santee J. Blair, a Virginia inmate proceeding pro se, filed pursuant to 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights. Defendants Nurse Lauren Bonney and Nurse Victoria Cordova have filed a Motion for Summary Judgment as well as a memorandum of law with supporting exhibits.[1] Dkt. Nos. 31-32. Plaintiff filed a Traverse to Defendant's [sic] Motion for Summary Judgment. Dkt. No. 43. Defendants filed a Reply to Plaintiff's Traverse. Dkt. No. 44. Plaintiff filed a surreply in which he seeks to strike defendants' reply as improperly filed. Dkt. No. 45. Because defendants' reply was filed in accordance with Local Rule 7(F), it will not be stricken. The matter is now ripe for disposition. The issue before the Court is whether to grant defendants' Motion for Summary Judgment. The

---

[1] By Order dated April 6, 2016, defendants Nurse Pamela Smith and Nurse A. Smith were sent a Notice of Lawsuit and Waiver of Service of Summons. Dkt. No. 9. In addition, plaintiff was notified that, if the court was unable to effect service on any defendant within 120 days of the complaint being filed, that defendant would be dismissed without prejudice. Id. The Waivers of Service of Summons sent to these defendants were returned to the court unexecuted because they no longer work for the medical care provider at the Chesapeake Correctional Center. Dkt. No. 13. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendants Pamela Smith and A. Smith will be dismissed, without prejudice, because the court was unable to effect service on them within 120 days of the complaint being filed.

Court concludes that there is no genuine issue of material fact as to the claims against defendants Bonney and Cordova and, therefore, their Motion for Summary Judgment will be granted.

## I. Background

The undisputed record establishes the following facts.[2] Plaintiff arrived at the Chesapeake Correctional Center ("CCC") on July 3, 2014, at which point he was screened by the medical staff. Bonney Aff. at ¶ 3. Plaintiff "reported a history of migraines and occasional, sharp pains in his chest area, as well as an allergy to pork. [Plaintiff] did not report any history of renal disease at that time." Id. During a July 14, 2014 medical examination plaintiff "reported a history of migraines and GERD. [He] did not report any history of renal disease at that time." Id. at ¶ 4. Plaintiff was prescribed Zantac for his GERD. Defs. MSJ at Ex. C. During an October 29, 2014 medical evaluation plaintiff did not report a history of renal disease. Bonney Aff. at ¶ 5. Plaintiff was ordered a regular diet and his allergy to turkey was noted. Id.

On November 3, 2014, plaintiff submitted a Health Services Request Form in which he stated that he was being provided a "Turkey Allergy Diet" despite the fact that he was "put on Renal Diet" on October 26 and 29, 2014 by a physician. Defs. MSJ at Ex. C. Plaintiff also stated that his calorie count was not being met. Bonney Aff. at ¶ 6. Plaintiff was examined by Bonney on November 11, 2014, in response to his complaints. Id. Plaintiff's vitals were normal and he "did not describe any sort of health problems that resulted from these complaints about his diet." Id. More specifically, Bonney noted that, on October 29, 2014, plaintiff "reported Food Allergy to Turkey. No [history] of Renal Disease reported to Medical Department.

---

[2] These facts are taken from defendants' Motion for Summary Judgment and supporting exhibits, to the extent they are not disputed by plaintiff. Facts disputed by plaintiff are taken as true to the extent they are not contradicted by the record. Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

[Doctor] noted for inmate to avoid Turkey – inmate was entered for a Regular Diet [with] Turkey Allergy." Defs. MSJ at Ex. C. Accordingly, based on her assessment of plaintiff, Bonney determined that "there was no medical need for [plaintiff] to be placed on a renal diet at that time ...." Bonney Aff. at ¶ 6. In addition, Bonney did not have the authority to place plaintiff on a renal diet. Id. at ¶ 7. Bonney also spoke with the food provider and informed them that plaintiff "was to be given three meals per day, with a total calorie count of 2600-2700 calories." Id. at ¶ 6. Finally, Bonney advised plaintiff that he had to speak with deputy staff regarding filing a grievance. Id.

On November 21, 2014, plaintiff was evaluated for constipation, sharp, intermittent pain, and flatulence. Id. at ¶ 8. Plaintiff was prescribed Dulcolax and Colace (Docusate). Id. He did not complain of hemorrhoids or bleeding at the time. Id. On November 23, 2014, plaintiff was seen for chest pain, especially after eating. Id. at ¶ 9. He walked to the clinic without issue, had no apparent distress, had stable vital signs, and had a normal EKG. Id. Plaintiff refused a "GI cocktail" for indigestion and to sign the charge slip. Id.

On November 25, 2014, Cordova "collected [plaintiff's] Health Services Request Form, dated November 23, 2014." Id. at ¶ 10. On the form, plaintiff stated that he was "[illegible] blood not just little spots. [He was] rolling on the floor in pain, ... throwing up and [he could not] use the bathroom." Defs. MSJ at Ex. C. Plaintiff told Cordova that he was "in severe pain and could not move, that [he] had been throwing up, bleeding tremendously from the anus, and needed to go to medical to find out what[] [was] wrong." Blair Aff. at ¶2.

Cordova "never responded or scheduled [him] for a doctor's appointment, nor attempted to examine [plaintiff] to see what was wrong;" rather, Cordova "signed the medical form, Non-urgent, and left, leaving plaintiff to suffer ...." Id. Based on plaintiff's "medical condition,

[Cordova] determined that [plaintiff] was not in need of immediate medical attention" and she "submitted the form to the medical department." Cordova Aff. at ¶ 6.

That same day, plaintiff refused to take certain medications, including the Colace he was prescribed for his constipation. Bonney Aff. at ¶ 11. The next day, plaintiff again refused medication because he was "stressed out." Id. at ¶ 12.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when,

"the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Summary judgment in favor of defendants Bonney and Cordova is appropriate because the pleadings, affidavits, and exhibits on file demonstrate that they did not violate plaintiff's Eighth Amendment rights. Plaintiff alleges that defendants Bonney and Cordova were deliberately indifferent to his serious medical needs when (1) Bonney failed to provide plaintiff with an allergy test, schedule a doctor's appointment, or screen plaintiff for health issues on November 11, 2014, and (2) Cordova failed to respond to plaintiff's medical needs or evaluate plaintiff properly on November 25, 2014.

To prevail on a claim for deliberate indifference that rises to an Eighth Amendment violation, plaintiff must establish facts sufficient to show that a jail official was deliberately indifferent to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must establish two distinct elements to state a claim upon which relief can be granted. First, he must show a sufficiently serious medical need. See, e.g., Hall v. Holsmith, 340 Fed. App'x 944, 947 & n.3 (4th Cir. 2009) (holding that flu-like symptoms did not constitute a serious medical need); Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).

Second, plaintiff must establish that the defendant acted with deliberate indifference to his serious medical need. To act with deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, a plaintiff must demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (recognized in Sharpe v. S. Carolina Dep't of Corr., 621 F. App'x 732, 733 (4th Cir. 2015) as overruled on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994)); see also Daniels v. Williams, 474 U.S. 327, 328 (1986). In other words, a plaintiff must show that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id.

As to plaintiff's first claim, the record shows that defendant Bonney was not deliberately indifferent to his medical needs. Plaintiff asserts that, after he asked Bonney to test him to see what was wrong, she told plaintiff "we don't need to test you and I don't have to." Blair Aff. at ¶ 5. The undisputed record still establishes that (1) plaintiff did not report any history of renal problems or allergies, other than to turkey, when he was first seen at CCC, (2) the physician who evaluated plaintiff on October 29, 2014, put plaintiff on a regular diet with a note that he was allergic to turkey, and (3) Bonney evaluated plaintiff on November 11, 2014, found his vitals to be stable, and, based on his condition, determined there was no medical need for him to be placed on a renal diet. Accordingly, the record establishes that Bonney did not act with deliberate indifference because she acted reasonably based on her medical judgment and the information available to her when dealing with plaintiff's medical needs on November 11, 2014.

See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) ("Questions of medical judgment are not subject to judicial review.") (citation omitted); Scinto v. Stansberry, 841 F.3d 219, 226 (4th Cir. 2016) ("[E]ven officials who acted with deliberate indifference may be free from liability if they responded reasonably to the risk.") (internal quotation marks and citation omitted). Finally, any disagreements plaintiff had regarding the medical care Bonney provided is insufficient to establish deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action).

As to plaintiff's second claim, the record establishes that Cordova was not deliberately indifferent to plaintiff's medical needs on November 25, 2014. Plaintiff states that he was in such severe pain that he could not move, and that he had been throwing up and bleeding from his anus. Plaintiff also states that Cordova assessed his condition as being non-urgent without examining him. Cordova need not have examined plaintiff to determine, in her medical opinion, that his condition was not urgent; rather, she made the determination based on plaintiff's "medical condition." In addition, plaintiff's medical records disclose that he refused medication that day, including the medication that he was prescribed for his constipation. Plaintiff also refused his medication the next day. Thus, plaintiff may have been suffering due to his refusal to take his medications. See Scott, 550 U.S. at 380. Accordingly, the undisputed record establishes that Cordova acted reasonably based on her medical judgment, and not so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Miltier, 896 F.2d at 851.

Because the undisputed record establishes that defendants Bonney and Cordova did not act with deliberate indifference, their Motion for Summary Judgment will be granted.

Accordingly, defendants Nurse Pamela Smith and Nurse A. Smith are DISMISSED from this civil matter, without prejudice, pursuant to Fed. R. Civ. P. 4(m), and defendants Nurse Bonney's and Nurse Cordova's Motion for Summary Judgment (Dkt. No. 31) is GRANTED, and it is hereby

ORDERED that judgment be and is entered in favor of Defendants Bonney and Cordova.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to timely file a notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter final judgment in favor of defendants Lauren Bonney and Victoria Cordova, pursuant to Fed. R. Civ. P. 58, to send a copy of this Memorandum Opinion and Order to plaintiff and to counsel of record for defendants, and to close this civil action.

Entered this 28th day of February 2017.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge